ownership. See Perkins v. State, 32 Tex. 109, 110; Gillman v. State, 119 Tex.Cr.R. 66, 46 S.W.(2d) 699; Williamson v. State, 30 Tex.App. 330, 17 S.W. 722. We think that the same rule applies in cases of this nature. Applying the foregoing rule, it is our opinion that the testimony which is entirely circumstantial falls far short of the legal requirements to sustain the conviction. See Lemon v. State, 89 Tex.Cr.R. 361, 231 S.W. 388; Russell v. State, 86 Tex. Cr.R. 609, 218 S.W. 1049.

In view of the disposition we are making of this case, we do not deem it necessary to discuss the second ground urged by the appellant for reversal.

For the error herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

MORROW, P. J., absent.

### PHILIPS v. STATE.
### No. 18231.

Court of Criminal Appeals of Texas.
April 8, 1936.

French Robertson, of Haskell, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for theft of two mules; punishment assessed being two years in the penitentiary.

Appellant has filed with this court his affidavit advising that he does not desire to further prosecute his appeal, and at his request the same is dismissed.

MORROW, P. J., absent.